**Munley Law, PC**
**The Forum Plaza - 227 Penn Avenue**
**Scranton, PA 18503**
**570-346-7401**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SERIGN DIAKHATE | : | |
| 16300 N. Park Avenue | : | |
| Southfield, MI 48075 | : | CIVIL ACTION |
| | : | JURY TRIAL DEMANDED' |
| NDEYE CISSE | : | |
| 16300 N. Park Avenue | : | |
| Southfield, MI 48075 | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| ABDURASHID NAZIROV | : | |
| 3395 Nostrand Avenue, apt. 3D | : | |
| Brooklyn, NY 11229 | : | |
| | : | |
| ELD Trucking, Inc. | : | |
| 325 Helke Road | : | NO. |
| Vandalia, OH 45377 | : | |
| | : | |
| HUMO TRANSPORTATION | : | |
| SERVICES, INC. | : | |
| 5987 E. Senour Drive | : | |
| West Chester, OH 45069 | : | |

## <u>COMPLAINT</u>

NOW come Plaintiffs Serign M. Diakhate and Ndeye Cisse, by and through

thier undersigned counsel, Munley Law, P.C. and aver as follows:

## THE PARTIES

1.     Plaintiff Serign M. Diakhate is a competent adult individual and citizen of Michigan with an address at 16300 N. Park Avenue, Southfield, MI, 48075.

2.     Plaintiff Ndeye Cisse is a competent adult individual and citizen of Michigan with an address at 16300 N. Park Avenue, Southfield, MI, 48075.

3.     Defendant Abdurashid Nazirov, upon information and belief, is a competent adult individual and citizen of New York with an address at 3395 Nostrand Ave. 3D Brooklyn, NY 11229.

4.     Defendant ELD Trucking, Inc. upon information and belief, is a corporation and/or other business entity organized and existing under the laws of Ohio with its principal place of business at 325 Helke Road, Vandalia, OH 45377.

5.     Defendant Humo Transportation Services, Inc. upon information and belief, is a corporation and/or other business entity organized and existing under the laws of Ohio with its principal place of business at 8354 Princeton Glendale, Road, Unit 100, West Chester, OH 45069.

6.     At all times pertinent hereto, on information and belief, Defendant Abdurashid Nazirov was the agent, servant, workman, contractor and/or employee of Defendants ELD Trucking Inc. and/or Humo Transportation Services, Inc. and was acting within the course and scope of his agency and/or employment.

## JURISDICTION AND VENUE

7.      The amount in controversy in this matter exceeds the sum or value of $75,000.00.

8.      This Court has jurisdiction over this matter pursuant to 28 U.S.C.§1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states.

9.      Venue is proper pursuant to 28 U.S.C. §1391(b), as a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

10.     At all times pertinent hereto, Plaintiff Serign M. Diakhate was the operator of a tractor, Michigan license plate number RC04873 pulling a semitrailer, Michigan license plate number D553801which were both owned by J & B Express.

11.     At all times pertinent hereto, Defendant Abdurashid Nazirov was the operator of a 2015 Freightliner Casadia, Ohio license plate number PWK2922 owned by Defendant ELD Trucking, Inc. and pulling a van guard semitrailer, Indiana license plate number P798881 owned by Eagle Express Lines, Inc.

12.     On or about September 1, 2021, Plaintiff Serign M. Diakhate was operating his aforementioned tractor trailer unit traveling eastbound on Interstate 80 in Marion Township, Centre County, Pennsylvania in a construction zone.

13.    At the same time and place, Defendant Abdurashid Nazirov was operating his aforementioned tractor trailer unit traveling eastbound on Interstate 80 behind Plaintiff's vehicle in in Marion Township, Centre County, Pennsylvania in a construction zone.

14.    At the same time and place, Defendant Abdurashid Nazirov operated his tractor trailer unit in such a careless, reckless and negligent manner that he came into sudden and forcible contact with the rear of Plaintiff's vehicle.  After the initial impact, Defendant Abdurashid Nazirov proceeded to travel forward on Interstate 80 causing his vehicle to sideswipe the vehicle occupied by Plaintiff Serign M. Diakhate and causing Plaintiff to suffer such injuries as are hereinafter more fully described.

15.    The impact forced the Plaintiff's vehicle to violently strike the guardrail on Interstate 80.

16.    As a result of the aforesaid collision, Plaintiff Serign M. Diakhate has suffered, yet suffers and will/may suffer for an indefinite time in the future injuries including but not limited to: C7-T1 disc herniation; left shoulder pain; left knee pain; sciatica; lower back pain; neck pain; bilateral upper extremity radiculopathy; bilateral lower extremity radiculopathy; numbness in neck; numbness in left shoulder and shock to his nerves and nervous system, all of which caused him,

continue to cause him and will cause him for an indefinite time in the future great pain, agony and suffering, both physical and mental.

17.     As a result of the aforesaid collision and injuries sustained, Plaintiff Serign M. Diakhate has been forced to undergo medical treatment and will/may be forced to undergo medical treatment at an undetermined time in the future.

18.     As a result of the aforesaid collision and injuries sustained, Plaintiffs have expended, yet expend and will/may expend for an indefinite time in the future various and substantial sums of money for the medicine and medical attention in and about endeavoring to treat and cure Plaintiff Serign M. Diakhate of his injuries all to their great financial loss and damage.

19.     As a result of the aforesaid collision and injuries sustained, Plaintiff Serign M. Diakhate has been, yet is and will/may for an indefinite time in the future, be unable to go about his usual and daily occupations and routines.

20.     As a result of the aforesaid collision and injuries sustained, Plaintiff Serign M. Diakhate has been, yet is and will/may for an indefinite time in the future be forced to forego the pleasures of life.

21.     As a result of the aforesaid collision and injuries sustained, Plaintiff Serign M. Diakhate has suffered, yet suffers and will/may continue to suffer wage diminution or lessening of his earning power and earning capacity, and will/may continue to suffer same forever in the future.

**COUNT ONE**

**Serign M. Diakhate v. Abdurashid Nazirov**

**Negligence**

22.     Paragraphs 1-21 above are incorporated herein by reference as if fully set forth here at length.

23.     The aforesaid collision was due solely to the negligent conduct, careless conduct and gross, wanton and reckless conduct of Defendant Abdurashid Nazirov and in no way due to any negligent act or failure to act on the part of the Plaintiffs.

24.     The negligent conduct, careless conduct and gross, wanton and reckless of Defendant Abdurashid Nazirov consisted of the following:

      a.     failure to properly observe the roadway;

      b.     failure to keep a proper lookout;

      c.     failure to properly brake his vehicle;

      d.     failure to remain attentive;

      e.     failure to maneuver his vehicle so as to avoid a collision;

      f.     failure to yield the right-of-way to vehicles;

      g.     failure to maintain adequate control over his vehicle;

      h.     failure to take proper evasive action so as to avoid a collision;

      i.     failure to give warning of his approach;

j.     failure to look and observe the lawful position of vehicles upon the highway and in failing to activate his lights or properly sound his horn or otherwise warn vehicles of his rapid approach;

k.     failure to drive within a single lane in violation of 75 Pa.C.S.A. § 3309(1);

l.     falling asleep while driving;

m.    utilizing his cell phone while driving in violation of state and federal regulations;

n.     sending, reading, and/or writing a text-based communication while operating a motor vehicle;

o.     driving while using a cell phone without a Bluetooth or other hands-free device;

p.     failure to inspect, repair, and maintain his vehicle;

q.     operating his vehicle in careless disregard for the safety of others in violation of 75 Pa.C.S.A. §3714;

r.     operating his vehicle at an unsafe speed for conditions then and there existing, in violation of 75 Pa. C.S.A. § 3361;

s.     failing to pass an emergency response area in a lane not adjacent to that of the emergency response area in violation of 75 PA. C.S.A §3327A1;

t.     failing to pass the emergency response area at a speed no more than 20 miles per hour less than the posted speed limit in violation of 75 PA. CSA §3327A2;

u.     driving his vehicle at a speed in excess of the maximum speed limit in violation of 75 Pa. C.S.A. section 3362(a)(1.1);

v.     failure to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. § 3361;

w.     following vehicles too closely in violation of 75 Pa.C.S.A. § 3310A;

x.     failure to exercise a degree of care which an ordinary and prudent person would have done under the circumstances;

y.     failure to slow or bring his vehicle to a stop to avoid the impact with the Plaintiff's vehicle;

z.     operating his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff lawfully on the roadway;

aa.     failure to slow down in light of the conditions then and there existing;

bb.     driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736;

cc.    failure to obey the rules of the road, the statutes of the
Commonwealth of Pennsylvania, and the ordinances of Marion
Township, in and about operating his vehicle on the highways and
roadways of the Commonwealth of Pennsylvania;

dd.    failure to operate, maintain, inspect and repair his vehicle in accord
with the applicable Federal Motor Carrier Safety Regulations and
Pennsylvania statutes and regulations;

ee.    operating his vehicle in violation of the rules and regulations of the
Federal Motor Carrier Safety Regulations;

ff.    operating his vehicle in violation of the rules and regulations of the
Federal Motor Carrier Act;

gg.    failure to conduct an inspection of his vehicle prior to driving in
violation of 49 CFR §396.13;

hh.    failure to inspect his vehicle and complete driver vehicle
inspection reports in violation of 49 CFR §396.11;

ii.    operating his vehicle when he was so fatigued as to make it unsafe
for him to operate the tractor trailer in violation of 49 CFR 392.3;

jj.    operating his vehicle in excess of the applicable hours of service in
violation of 49 CFR 395.3;

kk.    operating his vehicle when he knew or should have known that he was unfit to do so;

ll.    operating his vehicle while being distracted and/or fatigued;

mm.   failure to record his duty status in violation of 49 CFR 395.8;

nn.    failing to document his travel and daily logs as required by law, including the Federal Motor Carrier Safety Regulations;

oo.    failing to observe proper rest and driving intervals as required by law, including the Federal Motor Carrier Safety Regulations;

pp.    operating the tractor-trailer when he was not fit to do so;

qq.    failure to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14;

rr.    such other acts of negligence, gross negligence, recklessness and/or willful and wanton conduct as may be discovered using the Federal Rules of Civil Procedure.

25.    As a result of the above-stated acts and omissions, Plaintiff Serign M. Diakhate has suffered such harm as has been previously stated herein.

WHEREFORE, Plaintiff Serign M. Diakhate demands judgment jointly and severally against Defendant Abdurashid Nazirov in an amount in excess of

$75,000.00 plus interest, costs and such other relief as this Court deems
appropriate.

## COUNT TWO

### Serign M. Diakhate v. Abdurashid Nazirov

### Punitive Damages

26.     Paragraphs 1-25 above are incorporated herein by reference as if
fully set forth here at length.

27.     The aforementioned conduct of Defendant Abdurashid Nazirov was
outrageous and/or done willfully, wantonly and/or with reckless indifference to the
rights of the public including Plaintiff Serign M. Diakhate.  Defendant Abdurashid
Nazirov knew or should have known that operating his vehicle in excess of the
posted speed limit while in an active construction zone would result in serious
injury to others. Defendant Abdurashid Nazirov also knew or should have known
that operating his vehicle when he was too fatigued to do so safely and when he
was in violation of the applicable hours of service regulations would result in
serious injury to others. Furthermore, Defendant Abdurashid Nazirov knew or
should have known that failing to pay attention to the roadway and/or operating his
vehicle too fast for the conditions then present, and/or when he was in violation of
the applicable hours of service regulations and/or while he was in violation of the

federal motor carrier safety regulations, would result in serious injury to others driving on the roadway.

28.    Despite such knowledge, Defendant Abdurashid Nazirov nevertheless failed to properly observe the roadway; failed to keep a proper lookout; failed to properly brake his vehicle; failed to remain attentive; failed to maneuver his vehicle so as to avoid a collision; failed to yield the right-of-way to vehicles; failed to maintain adequate control over his vehicle; failed to take proper evasive action so as to avoid a collision; failed to give warning of his approach; failed to look and observe the lawful position of vehicles upon the highway and in failing to activate his lights or properly sound his horn or otherwise warn vehicles of his rapid approach; failed to drive within a single lane in violation of 75 Pa.C.S.A. § 3309(1); fell asleep while driving; utilized his cell phone while driving in violation of state and federal regulations; sent, read, and/or wrote a text-based communication while operating a motor vehicle; drove while using a cell phone without a Bluetooth or other hands-free device; failed to inspect, repair, and maintain his vehicle; operated his vehicle in careless disregard for the safety of others in violation of 75 Pa.C.S.A. §3714; operated his vehicle at an unsafe speed for conditions then and there existing, in violation of 75 Pa. C.S.A. § 3361; failed to pass an emergency response area in a lane not adjacent to that of the emergency response area in violation of 75 PA. C.S.A §3327A1; failed to pass the emergency

response area at a speed no more than 20 miles per hour less than the posted speed limit in violation of 75 PA. CSA §3327A2; drove his vehicle at a speed in excess of the maximum speed limit in violation of 75 Pa. C.S.A. section 3362(a)(1.1); failed to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. § 3361; followed vehicles too closely in violation of 75 Pa.C.S.A. § 3310A; failed to exercise a degree of care which an ordinary and prudent person would have done under the circumstances; failed to slow or bring his vehicle to a stop to avoid the impact with the Plaintiff's vehicle; operated his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff lawfully on the roadway; failed to slow down in light of the conditions then and there existing; drove recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736; failed to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania, and the ordinances of Marion Township, in and about operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania; failed to operate, maintain, inspect and repair his vehicle in accord with the applicable Federal Motor Carrier Safety Regulations and Pennsylvania statutes and regulations; operated his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations; operated his vehicle in violation of the rules and regulations of the Federal Motor Carrier Act; failed to conduct an inspection of his

vehicle prior to driving in violation of 49 CFR §396.13; failed to inspect his

vehicle and complete driver vehicle inspection reports in violation of 49 CFR

§396.11; operated his vehicle when he was so fatigued as to make it unsafe for him

to operate the tractor trailer in violation of 49 CFR 392.3; operated his vehicle in

excess of the applicable hours of service in violation of 49 CFR 395.3; operated his

vehicle when he knew or should have known that he was unfit to do so; operated

his vehicle while being distracted and/or fatigued; failed to record his duty status in

violation of 49 CFR 395.8; failed to document his travel and daily logs as required

by law, including the Federal Motor Carrier Safety Regulations; failed to observe

proper rest and driving intervals as required by law, including the Federal Motor

Carrier Safety Regulations; operated the tractor-trailer when he was not fit to do

so; failed to operate, maintain, inspect and repair his vehicle in accordance with the

applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which

have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14; and

engaged in such other acts of negligence, gross negligence, recklessness and/or

willful and wanton conduct as may be discovered using the Federal Rules of Civil

Procedure.

29.    All of these acts did constitute a reckless indifference to the risk of

injury to Plaintiff Serign M. Diakhate.  As a result, Plaintiff is seeking an award of

punitive damages against Defendant Abdurashid Nazirov.

WHEREFORE, Plaintiff Serign M. Diakhate demands judgment against Defendant Abdurashid Nazirov, jointly and severally, in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

## COUNT THREE

### Ndeye Cisse v. Abdurashid Nazirov

### Loss of Consortium

30.     The preceding paragraphs incorporated herein by reference as if fully set forth here at length.

31.     At all times here pertinent, Plaintiff Ndeye Cisse was and is the wife of Plaintiff Serign M. Diakhate.

32.     Solely because of the negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendants in causing the injuries to Plaintiff Serign M. Diakhate, Plaintiff Ndeye Cisse, as wife of Plaintiff Serign M. Diakhate, has, is and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure her husband of his injuries.

33.     By reason of the aforesaid collision, Plaintiff Ndeye Cisse has, is and will/may be in the future deprived of the assistance and society of her husband, all of which has been and will be to her great financial loss and detriment.

**WHEREFORE**, Plaintiff Ndeye Cisse demands judgment against

Defendant Abdurashid Nazirov, in an amount in excess of $75,000.00 plus interest,

costs, and other such relief as this Court deems appropriate.

## COUNT FOUR

### Serign M. Diakhate v. ELD Trucking, Inc.

### Negligence

34.    Paragraphs 1-33 above are incorporated herein by reference as if fully

set forth here at length.

35.    The aforementioned accident was due to the negligent conduct,

careless conduct, and gross, wanton, and reckless conduct of Defendant ELD

Trucking, Inc. and/or its agents, ostensible agents, servants, workmen, and/or

employees, including but not limited to Defendant Abdurashid Nazirov and in no

way due to the negligent act or failure to act on the part of Plaintiff Serign M.

Diakhate.

36.    The negligent conduct, careless conduct and gross wanton and

reckless conduct of Defendant ELD Trucking, Inc., by and through the acts and or

omissions of the Defendant Abdurashid Nazirov, who at all times relevant hereto

was acting as the agent, servant, employee and/or workman of Defendant ELD

Trucking, Inc. and was in the course and scope of such agency, service,

employment, and/or work at the time of the collision in this case, consisted of the

following:

      a.     failure to properly observe the roadway;

      b.     failure to keep a proper lookout;

      c.     failure to properly brake his vehicle;

      d.     failure to remain attentive;

      e.     failure to maneuver his vehicle so as to avoid a collision;

      f.     failure to yield the right-of-way to vehicles;

      g.     failure to maintain adequate control over his vehicle;

      h.     failure to take proper evasive action so as to avoid a collision;

      i.     failure to give warning of his approach;

      j.     failure to look and observe the lawful position of vehicles upon the highway and in failing to activate his lights or properly sound his horn or otherwise warn vehicles of his rapid approach;

      k.     failure to drive within a single lane in violation of 75 Pa.C.S.A. § 3309(1);

      l.     falling asleep while driving;

      m.     utilizing his cell phone while driving in violation of state and federal regulations;

n.     sending, reading, and/or writing a text-based communication while operating a motor vehicle;

o.     driving while using a cell phone without a Bluetooth or other hands-free device;

p.     failure to inspect, repair, and maintain his vehicle;

q.     operating his vehicle in careless disregard for the safety of others in violation of 75 Pa.C.S.A. §3714;

r.     operating his vehicle at an unsafe speed for conditions then and there existing, in violation of 75 Pa. C.S.A. § 3361;

s.     failing to pass an emergency response area in a lane not adjacent to that of the emergency response area in violation of 75 PA. C.S.A §3327A1;

t.     failing to pass the emergency response area at a speed no more than 20 miles per hour less than the posted speed limit in violation of 75 PA. CSA §3327A2;

u.     driving his vehicle at a speed in excess of the maximum speed limit in violation of 75 Pa. C.S.A. section 3362(a)(1.1);

v.     failure to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. § 3361;

w.    following vehicles too closely in violation of 75 Pa.C.S.A. §
3310A;

x.    failure to exercise a degree of care which an ordinary and prudent
person would have done under the circumstances;

y.    failure to slow or bring his vehicle to a stop to avoid the impact
with the Plaintiff's vehicle;

z.    operating his commercial motor vehicle without due regard for the
rights, safety, and position of Plaintiff lawfully on the roadway;

aa.    failure to slow down in light of the conditions then and there
existing;

bb.    driving recklessly and with willful and wanton disregard for the
safety of persons or property in violation of 75 Pa. C.S.A. §3736;

cc.    failure to obey the rules of the road, the statutes of the
Commonwealth of Pennsylvania, and the ordinances of Marion
Township, in and about operating his vehicle on the highways and
roadways of the Commonwealth of Pennsylvania;

dd.    failure to operate, maintain, inspect and repair his vehicle in accord
with the applicable Federal Motor Carrier Safety Regulations and
Pennsylvania statutes and regulations;

ee.    operating his vehicle in violation of the rules and regulations of the
       Federal Motor Carrier Safety Regulations;

ff.    operating his vehicle in violation of the rules and regulations of the
       Federal Motor Carrier Act;

gg.    failure to conduct an inspection of his vehicle prior to driving in
       violation of 49 CFR §396.13;

hh.    failure to inspect his vehicle and complete driver vehicle
       inspection reports in violation of 49 CFR §396.11;

ii.    operating his vehicle when he was so fatigued as to make it unsafe
       for him to operate the tractor trailer in violation of 49 CFR 392.3;

jj.    operating his vehicle in excess of the applicable hours of service in
       violation of 49 CFR 395.3;

kk.    operating his vehicle when he knew or should have known that he
       was unfit to do so;

ll.    operating his vehicle while being distracted and/or fatigued;

mm.    failure to record his duty status in violation of 49 CFR 395.8;

nn.    failing to document his travel and daily logs as required by law,
       including the Federal Motor Carrier Safety Regulations;

oo.    failing to observe proper rest and driving intervals as required by
       law, including the Federal Motor Carrier Safety Regulations;

pp.    operating the tractor-trailer when he was not fit to do so;

qq.    failure to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14;

rr.    such other acts of negligence, gross negligence, recklessness and/or willful and wanton conduct as may be discovered using the Federal Rules of Civil Procedure.

37.    The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant ELD Trucking, Inc., in its own right, consisted of the following:

a.    negligently entrusting Defendant Abdurashid Nazirov with its vehicle when it knew or should have known that he lacked sufficient skill, judgment, and prudence in the operation of the vehicle;

b.    failing to adequately instruct Defendant Abdurashid Nazirov in the safe operation of the vehicle prior to entrusting him with it;

c.    failing to prevent Defendant Abdurashid Nazirov from operating the vehicle until he had sufficient ability to operate the motor vehicle safely;

d.      failing to adequately ascertain that Defendant Abdurashid Nazirov

        lacked the ability necessary to safely operate the vehicle under the

        circumstances;

e.      permitting Defendant Abdurashid Nazirov to operate the tractor-

        trailer with unsafe equipment in violation of 75 Pa. C.S.A. §

        4107(b)(2);

f.      failing to provide Defendant Abdurashid Nazirov with the

        equipment necessary to safely operate the vehicle;

g.      failing to adequately train and oversee their employees, including

        Defendant Abdurashid Nazirov in the inspection and operation of

        its tractor trailer;

h.      failing to properly qualify Defendant Abdurashid Nazirov as

        required by 49 CFR § 391 et seq.;

i.      failing to adequately maintain the tractor trailer;

j.      failing to operate, maintain, inspect, and repair its vehicle in

        accordance with the applicable Federal Motor Carrier Safety

        Regulations, particularly 49 C.F.R. §396.3 and Pennsylvania

        Statutes and Regulations;

k.   failing to require Defendant Abdurashid Nazirov to observe and abide by the applicable Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.11;

l.   permitting Defendant Abdurashid Nazirov to operate its vehicle when it knew or should have known that the requirements for Defendant Abdurashid Nazirov to earn income from operating its vehicle would cause Defendant Abdurashid Nazirov to violate the rules of the road and/or drive while distracted and/or fatigued;

m.   permitting Defendant Abdurashid Nazirov to operate its vehicle when it knew or should have known that he was too fatigued to do so safely in violation of 49 CFR § 392.3;

n.   permitting Defendant Abdurashid Nazirov to operate its vehicle when it knew or should have known that he was unfit to do so;

o.   permitting Defendant Abdurashid Nazirov to operate its vehicle when it knew or should have known he would drive while being distracted and/ or fatigued;

p.   permitting Defendant Abdurashid Nazirov to operate its vehicle when it knew or should have known that he was operating the vehicle in excess of the applicable hours of service in violation of 49 CFR § 395.3;

q.    scheduling a run and/or requiring Defendant Abdurashid Nazirov to operate its vehicle between points in such period of time as would necessitate Defendant Abdurashid Nazirov to operate the vehicle at too great a speed in violation of C.F.R. § 392.6;

r.    aiding, abetting, encouraging and/or requiring Defendant Abdurashid Nazirov to violate the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. § 390.13;

s.    providing incentives and/or imposing penalties on drivers like Abdurashid Nazirov such that he would avoid inspecting, maintaining, and/or repairing the tractor-trailer;

t.    operating its vehicle in violation of the Rules and Regulations of the Federal Motor Carrier Safety Regulations;

u.    failing to provide Defendant Abdurashid Nazirov with proper training necessary to drive the vehicle;

v.    failing to conduct a background check of the driving record of Defendant Abdurashid Nazirov as required by 49 C.F.R. 391, et seq;

w.    failing to properly supervise Defendant Abdurashid Nazirov in the operation of its vehicle to ensure compliance with Federal Motor Carrier Safety Regulations; and

x.    such other negligence, recklessness, and/or willful and wanton

conduct as shall be revealed in discovery under the Federal Rules

of Civil Procedure.

38.    As a result of the above-stated acts and omissions, Plaintiff Serign M.

Diakhate has suffered such harm as has been previously stated herein.

WHEREFORE, Plaintiff Abdurashid Nazirov demands judgment against

Defendant ELD Trucking, Inc. in an amount in excess of $75,000.00 plus interest

and costs.

## COUNT FIVE

## Serign M. Diakhate v. ELD Trucking, Inc.

## Punitive Damages

39.    Paragraphs 1-38 above are incorporated herein by reference as if fully

set forth here at length.

40.    The conduct of Defendant ELD Trucking, Inc.  was outrageous and/or

done willfully, wantonly and/or with reckless indifference to the rights of the

public including, Plaintiff Serign M. Diakhate, by and through the acts and/or

omissions of its agents, servants, workmen, and/or employees, including but not

limited to Defendant Abdurashid Nazirov.

41.    Defendants ELD Trucking, Inc. and Abdurashid Nazirov knew or

should have known that operating his vehicle in excess of the posted speed limit

while in an active construction zone would result in serious injury to others.

Defendants ELD Trucking, Inc. and Abdurashid Nazirov also knew or should have

known that operating his vehicle when he was too fatigued to do so safely and

when he was in violation of the applicable hours of service regulations would

result in serious injury to others. Furthermore, Defendants ELD Trucking, Inc. and

Abdurashid Nazirov knew or should have known that failing to pay attention to the

roadway and/or operating his vehicle too fast for the conditions then present,

and/or when he was in violation of the applicable hours of service regulations

and/or while he was in violation of the federal motor carrier safety regulations,

would result in serious injury to others driving on the roadway.

42.     Despite such knowledge, Defendants ELD Trucking, Inc. and

Abdurashid Nazirov nevertheless failed to properly observe the roadway; failed to

keep a proper lookout; failed to properly brake his vehicle; failed to remain

attentive; failed to maneuver his vehicle so as to avoid a collision; failed to yield

the right-of-way to vehicles; failed to maintain adequate control over his vehicle;

failed to take proper evasive action so as to avoid a collision; failed to give

warning of his approach; failed to look and observe the lawful position of vehicles

upon the highway and in failing to activate his lights or properly sound his horn or

otherwise warn vehicles of his rapid approach; failed to drive within a single lane

in violation of 75 Pa.C.S.A. § 3309(1); fell asleep while driving; utilized his cell

phone while driving in violation of state and federal regulations; sent, read, and/or

wrote a text-based communication while operating a motor vehicle; drove while

using a cell phone without a Bluetooth or other hands-free device; failed to inspect,

repair, and maintain his vehicle; operated his vehicle in careless disregard for the

safety of others in violation of 75 Pa.C.S.A. §3714; operated his vehicle at an

unsafe speed for conditions then and there existing, in violation of 75 Pa. C.S.A. §

3361; failed to pass an emergency response area in a lane not adjacent to that of the

emergency response area in violation of 75 PA. C.S.A §3327A1; failed to pass the

emergency response area at a speed no more than 20 miles per hour less than the

posted speed limit in violation of 75 PA. CSA §3327A2; drove his vehicle at a

speed in excess of the maximum speed limit in violation of 75 Pa. C.S.A. section

3362(a)(1.1); failed to bring his vehicle to a stop within the assured clear distance

ahead in violation of 75 Pa.C.S.A. § 3361; followed vehicles too closely in

violation of 75 Pa.C.S.A. § 3310A; failed to exercise a degree of care which an

ordinary and prudent person would have done under the circumstances; failed to

slow or bring his vehicle to a stop to avoid the impact with the Plaintiff's vehicle;

operated his commercial motor vehicle without due regard for the rights, safety,

and position of Plaintiff lawfully on the roadway; failed to slow down in light of

the conditions then and there existing; drove recklessly and with willful and

wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A.

§3736; failed to obey the rules of the road, the statutes of the Commonwealth of

Pennsylvania, and the ordinances of Marion Township, in and about operating his

vehicle on the highways and roadways of the Commonwealth of Pennsylvania;

failed to operate, maintain, inspect and repair his vehicle in accord with the

applicable Federal Motor Carrier Safety Regulations and Pennsylvania statutes and

regulations; operated his vehicle in violation of the rules and regulations of the

Federal Motor Carrier Safety Regulations; operated his vehicle in violation of the

rules and regulations of the Federal Motor Carrier Act; failed to conduct an

inspection of his vehicle prior to driving in violation of 49 CFR §396.13; failed to

inspect his vehicle and complete driver vehicle inspection reports in violation of 49

CFR §396.11; operated his vehicle when he was so fatigued as to make it unsafe

for him to operate the tractor trailer in violation of 49 CFR 392.3; operated his

vehicle in excess of the applicable hours of service in violation of 49 CFR 395.3;

operated his vehicle when he knew or should have known that he was unfit to do

so; operated his vehicle while being distracted and/or fatigued; failed to record his

duty status in violation of 49 CFR 395.8; failed to document his travel and daily

logs as required by law, including the Federal Motor Carrier Safety Regulations;

failed to observe proper rest and driving intervals as required by law, including the

Federal Motor Carrier Safety Regulations; operated the tractor-trailer when he was

not fit to do so; failed to operate, maintain, inspect and repair his vehicle in

accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R.

§390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa.

Code §229.14; and engaged in such other acts of negligence, gross negligence,

recklessness and/or willful and wanton conduct as may be discovered using the

Federal Rules of Civil Procedure.

43.     The conduct of Defendant ELD Trucking, Inc. was outrageous and/or

done willfully, wantonly and/or with reckless indifference to the rights of the

public including Plaintiff Serign M. Diakhate, in its own right. Defendant ELD

Trucking, Inc. knew or should have known that Defendant Abdurashid Nazirov

lacked the ability to safely operate a motor vehicle and did not have sufficient skill,

judgment, and prudence in operating a motor vehicle.  Defendant ELD Trucking,

Inc. knew or should have known that permitting Defendant Abdurashid Nazirov to

operate its tractor trailer when he was not qualified to do so, when he could not do

so safely, when he would be operating the tractor trailer when he was too fatigued

to do so and/or while distracted and when he was in violation of the applicable

hours of service regulations would result in serious injury to others driving on the

roadway.

44.     Despite such knowledge, Defendant ELD Trucking, Inc. nevertheless

negligently entrusted Defendant Abdurashid Nazirov with its vehicle when it knew

or should have known that he lacked sufficient skill, judgment, and prudence in the

operation of the vehicle; failed to adequately instruct Defendant Abdurashid

Nazirov in the safe operation of the vehicle prior to entrusting him with it; failed to

prevent Defendant Abdurashid Nazirov from operating the vehicle until he had

sufficient ability to operate the motor vehicle safely; failed to adequately ascertain

that Defendant Abdurashid Nazirov lacked the ability necessary to safely operate

the vehicle under the circumstances; permitted Defendant Abdurashid Nazirov to

operate the tractor-trailer with unsafe equipment in violation of 75 Pa. C.S.A. §

4107(b)(2); failed to provide Defendant Abdurashid Nazirov with the equipment

necessary to safely operate the vehicle; failed to adequately train and oversee their

employees, including Defendant Abdurashid Nazirov in the inspection and

operation of its tractor trailer; failed to properly qualify Defendant Abdurashid

Nazirov as required by 49 CFR § 391 et seq.; failed to adequately maintain the

tractor trailer; failed to operate, maintain, inspect, and repair its vehicle in

accordance with the applicable Federal Motor Carrier Safety Regulations,

particularly 49 C.F.R. §396.3 and Pennsylvania Statutes and Regulations; failed to

require Defendant Abdurashid Nazirov to observe and abide by the applicable

Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.11;

permitted Defendant Abdurashid Nazirov to operate its vehicle when it knew or

should have known that the requirements for Defendant Abdurashid Nazirov to

earn income from operating its vehicle would cause Defendant Abdurashid

Nazirov to violate the rules of the road and/or drive while distracted and/or

fatigued; permitted Defendant Abdurashid Nazirov to operate its vehicle when it

knew or should have known that he was too fatigued to do so safely in violation of

49 CFR § 392.3; permitted Defendant Abdurashid Nazirov to operate its vehicle

when it knew or should have known that he was unfit to do so; permitted

Defendant Abdurashid Nazirov to operate its vehicle when it knew or should have

known he would drive while being distracted and/ or fatigued; permitted Defendant

Abdurashid Nazirov to operate its vehicle when it knew or should have known that

he was operating the vehicle in excess of the applicable hours of service in

violation of 49 CFR § 395.3; scheduled a run and/or required Defendant

Abdurashid Nazirov to operate its vehicle between points in such period of time as

would necessitate Defendant Abdurashid Nazirov to operate the vehicle at too

great a speed in violation of C.F.R. § 392.6; aided, abetted, encouraged and/or

required Defendant Abdurashid Nazirov to violate the Federal Motor Carrier

Safety Regulations in violation of 49 C.F.R. § 390.13; provided incentives and/or

imposing penalties on drivers like Abdurashid Nazirov such that he would avoid

inspecting, maintaining, and/or repairing the tractor-trailer; operated its vehicle in

violation of the Rules and Regulations of the Federal Motor Carrier Safety

Regulations; failed to provide Defendant Abdurashid Nazirov with proper training

necessary to drive the vehicle; failed to conduct a background check of the driving

record of Defendant Abdurashid Nazirov as required by 49 C.F.R. 391, et seq;

failed to properly supervise Defendant Abdurashid Nazirov in the operation of its

vehicle to ensure compliance with Federal Motor Carrier Safety Regulations; and

engaged in such other negligence, recklessness, and/or willful and wanton conduct

as shall be revealed in discovery under the Federal Rules of Civil Procedure.

45.    All of these acts did constitute a reckless indifference to the risk of

injury to Plaintiff Serign M. Diakhate.  As a result, Plaintiff is seeking an award of

punitive damages against Defendant ELD Trucking, Inc.

WHEREFORE, Plaintiff Serign M. Diakhate demands judgment against

Defendant ELD Trucking, Inc., jointly and severally, in an amount in excess of

$75,000.00 plus interest and costs.

## COUNT SIX

## Ndeye Cisse v. ELD Trucking, Inc.

## Loss of Consortium

46.    The preceding paragraphs incorporated herein by reference as if fully

set forth here at length.

47.    At all times here pertinent, Plaintiff Ndeye Cisse was and is the wife

of Plaintiff Serign M. Diakhate.

48.    Solely because of the negligent conduct, careless conduct, and gross,

wanton and reckless conduct of Defendants in causing the injuries to Plaintiff

Serign M. Diakhate, Plaintiff Ndeye Cisse, as wife of Plaintiff Serign M. Diakhate, has, is and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure her husband of his injuries.

49.     By reason of the aforesaid collision, Plaintiff Ndeye Cisse has, is and will/may be in the future deprived of the assistance and society of her husband, all of which has been and will be to her great financial loss and detriment.

**WHEREFORE**, Plaintiff Ndeye Cisse demands judgment against Defendant ELD Trucking, Inc., in an amount in excess of $75,000.00 plus interest, costs, and other such relief as this Court deems appropriate.

## COUNT SEVEN

### Serign M. Diakhate v. Humo Transporation Services, Inc.

### Negligence

50.     Paragraphs 1-49 above are incorporated herein by reference as if fully set forth here at length.

51.     The aforementioned accident was due to the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant Humo Transporation Services, Inc.  and/or its agents, ostensible agents, servants, workmen, and/or employees, including but not limited to Defendant Abdurashid

Nazirov and in no way due to the negligent act or failure to act on the part of Plaintiff Serign M. Diakhate.

52.     The negligent conduct, careless conduct and gross wanton and reckless conduct of Defendant Humo Transporation Services, Inc. , by and through the acts and or omissions of the Defendant Abdurashid Nazirov, who at all times relevant hereto was acting as the agent, servant, employee and/or workman of Defendant Humo Transporation Services, Inc.  and was in the course and scope of such agency, service, employment, and/or work at the time of the collision in this case, consisted of the following:

a.      failure to properly observe the roadway;

b.      failure to keep a proper lookout;

c.      failure to properly brake his vehicle;

d.      failure to remain attentive;

e.      failure to maneuver his vehicle so as to avoid a collision;

f.      failure to yield the right-of-way to vehicles;

g.      failure to maintain adequate control over his vehicle;

h.      failure to take proper evasive action so as to avoid a collision;

i.      failure to give warning of his approach;

j.   failure to look and observe the lawful position of vehicles upon the highway and in failing to activate his lights or properly sound his horn or otherwise warn vehicles of his rapid approach;

k.   failure to drive within a single lane in violation of 75 Pa.C.S.A. § 3309(1);

l.   falling asleep while driving;

m.   utilizing his cell phone while driving in violation of state and federal regulations;

n.   sending, reading, and/or writing a text-based communication while operating a motor vehicle;

o.   driving while using a cell phone without a Bluetooth or other hands-free device;

p.   failure to inspect, repair, and maintain his vehicle;

q.   operating his vehicle in careless disregard for the safety of others in violation of 75 Pa.C.S.A. §3714;

r.   operating his vehicle at an unsafe speed for conditions then and there existing, in violation of 75 Pa. C.S.A. § 3361;

s.   failing to pass an emergency response area in a lane not adjacent to that of the emergency response area in violation of 75 PA. C.S.A §3327A1;

t.    failing to pass the emergency response area at a speed no more
      than 20 miles per hour less than the posted speed limit in violation
      of 75 PA. CSA §3327A2;

u.    driving his vehicle at a speed in excess of the maximum speed
      limit in violation of 75 Pa. C.S.A. section 3362(a)(1.1);

v.    failure to bring his vehicle to a stop within the assured clear
      distance ahead in violation of 75 Pa.C.S.A. § 3361;

w.    following vehicles too closely in violation of 75 Pa.C.S.A. §
      3310A;

x.    failure to exercise a degree of care which an ordinary and prudent
      person would have done under the circumstances;

y.    failure to slow or bring his vehicle to a stop to avoid the impact
      with the Plaintiff's vehicle;

z.    operating his commercial motor vehicle without due regard for the
      rights, safety, and position of Plaintiff lawfully on the roadway;

aa.   failure to slow down in light of the conditions then and there
      existing;

bb.   driving recklessly and with willful and wanton disregard for the
      safety of persons or property in violation of 75 Pa. C.S.A. §3736;

cc.　failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania, and the ordinances of Marion Township, in and about operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania;

dd.　failure to operate, maintain, inspect and repair his vehicle in accord with the applicable Federal Motor Carrier Safety Regulations and Pennsylvania statutes and regulations;

ee.　operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

ff.　operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Act;

gg.　failure to conduct an inspection of his vehicle prior to driving in violation of 49 CFR §396.13;

hh.　failure to inspect his vehicle and complete driver vehicle inspection reports in violation of 49 CFR §396.11;

ii.　operating his vehicle when he was so fatigued as to make it unsafe for him to operate the tractor trailer in violation of 49 CFR 392.3;

jj.　operating his vehicle in excess of the applicable hours of service in violation of 49 CFR 395.3;

kk.    operating his vehicle when he knew or should have known that he
was unfit to do so;

ll.    operating his vehicle while being distracted and/or fatigued;

mm.    failure to record his duty status in violation of 49 CFR 395.8;

nn.    failing to document his travel and daily logs as required by law,
including the Federal Motor Carrier Safety Regulations;

oo.    failing to observe proper rest and driving intervals as required by
law, including the Federal Motor Carrier Safety Regulations;

pp.    operating the tractor-trailer when he was not fit to do so;

qq.    failure to operate, maintain, inspect and repair his vehicle in
accordance with the applicable Federal Motor Carrier Safety
Regulations 49 C.F.R. §390 et seq., which have been adopted in
this Commonwealth pursuant to 67 Pa. Code §229.14;

rr.    such other acts of negligence, gross negligence, recklessness
and/or willful and wanton conduct as may be discovered using the
Federal Rules of Civil Procedure.

53.    The negligent conduct, careless conduct, and gross, wanton and
reckless conduct of Defendant Humo Transporation Services, Inc. , in its own
right, consisted of the following:

a.     negligently entrusting Defendant Abdurashid Nazirov with its
       vehicle when it knew or should have known that he lacked
       sufficient skill, judgment, and prudence in the operation of the
       vehicle;

b.     failing to adequately instruct Defendant Abdurashid Nazirov in the
       safe operation of the vehicle prior to entrusting him with it;

c.     failing to prevent Defendant Abdurashid Nazirov from operating
       the vehicle until he had sufficient ability to operate the motor
       vehicle safely;

d.     failing to adequately ascertain that Defendant Abdurashid Nazirov
       lacked the ability necessary to safely operate the vehicle under the
       circumstances;

e.     permitting Defendant Abdurashid Nazirov to operate the tractor-
       trailer with unsafe equipment in violation of 75 Pa. C.S.A. §
       4107(b)(2);

f.     failing to provide Defendant Abdurashid Nazirov with the
       equipment necessary to safely operate the vehicle;

g.     failing to adequately train and oversee their employees, including
       Defendant Abdurashid Nazirov in the inspection and operation of
       its tractor trailer;

h.     failing to properly qualify Defendant Abdurashid Nazirov as required by 49 CFR § 391 et seq.;

i.     failing to adequately maintain the tractor trailer;

j.     failing to operate, maintain, inspect, and repair its vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations, particularly 49 C.F.R. §396.3 and Pennsylvania Statutes and Regulations;

k.     failing to require Defendant Abdurashid Nazirov to observe and abide by the applicable Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.11;

l.     permitting Defendant Abdurashid Nazirov to operate its vehicle when it knew or should have known that the requirements for Defendant Abdurashid Nazirov to earn income from operating its vehicle would cause Defendant Abdurashid Nazirov to violate the rules of the road and/or drive while distracted and/or fatigued;

m.     permitting Defendant Abdurashid Nazirov to operate its vehicle when it knew or should have known that he was too fatigued to do so safely in violation of 49 CFR § 392.3;

n.     permitting Defendant Abdurashid Nazirov to operate its vehicle when it knew or should have known that he was unfit to do so;

o.   permitting Defendant Abdurashid Nazirov to operate its vehicle when it knew or should have known he would drive while being distracted and/ or fatigued;

p.   permitting Defendant Abdurashid Nazirov to operate its vehicle when it knew or should have known that he was operating the vehicle in excess of the applicable hours of service in violation of 49 CFR § 395.3;

q.   scheduling a run and/or requiring Defendant Abdurashid Nazirov to operate its vehicle between points in such period of time as would necessitate Defendant Abdurashid Nazirov to operate the vehicle at too great a speed in violation of C.F.R. § 392.6;

r.   aiding, abetting, encouraging and/or requiring Defendant Abdurashid Nazirov to violate the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. § 390.13;

s.   providing incentives and/or imposing penalties on drivers like Abdurashid Nazirov such that he would avoid inspecting, maintaining, and/or repairing the tractor-trailer;

t.   operating its vehicle in violation of the Rules and Regulations of the Federal Motor Carrier Safety Regulations;

u.      failing to provide Defendant Abdurashid Nazirov with proper

      training necessary to drive the vehicle;

v.      failing to conduct a background check of the driving record of

      Defendant Abdurashid Nazirov as required by 49 C.F.R. 391, et

      seq;

w.      failing to properly supervise Defendant Abdurashid Nazirov in the

      operation of its vehicle to ensure compliance with Federal Motor

      Carrier Safety Regulations; and

x.      such other negligence, recklessness, and/or willful and wanton

      conduct as shall be revealed in discovery under the Federal Rules

      of Civil Procedure.

54.     As a result of the above-stated acts and omissions, Plaintiff Serign M. Diakhate has suffered such harm as has been previously stated herein.

WHEREFORE, Plaintiff Abdurashid Nazirov demands judgment against Defendant Humo Transporation Services, Inc. in an amount in excess of $75,000.00 plus interest and costs.

## COUNT EIGHT

### Serign M. Diakhate v. Humo Transporation Services, Inc.

### Punitive Damages

55.     Paragraphs 1-54 above are incorporated herein by reference as if fully set forth here at length.

56.     The conduct of Defendant Humo Transporation Services, Inc.   was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including, Plaintiff Serign M. Diakhate, by and through the acts and/or omissions of its agents, servants, workmen, and/or employees, including but not limited to Defendant Abdurashid Nazirov.

57.     Defendants Humo Transporation Services, Inc.  and Abdurashid Nazirov knew or should have known that operating his vehicle in excess of the posted speed limit while in an active construction zone would result in serious injury to others. Defendants Humo Transporation Services, Inc.  and Abdurashid Nazirov also knew or should have known that operating his vehicle when he was too fatigued to do so safely and when he was in violation of the applicable hours of service regulations would result in serious injury to others. Furthermore, Defendants Humo Transporation Services, Inc.  and Abdurashid Nazirov knew or should have known that failing to pay attention to the roadway and/or operating his vehicle too fast for the conditions then present, and/or when he was in violation of the applicable hours of service regulations and/or while he was in violation of the federal motor carrier safety regulations, would result in serious injury to others driving on the roadway.

58.     Despite such knowledge, Defendants Humo Transporation Services,
Inc.  and Abdurashid Nazirov nevertheless failed to properly observe the roadway;
failed to keep a proper lookout; failed to properly brake his vehicle; failed to
remain attentive; failed to maneuver his vehicle so as to avoid a collision; failed to
yield the right-of-way to vehicles; failed to maintain adequate control over his
vehicle; failed to take proper evasive action so as to avoid a collision; failed to give
warning of his approach; failed to look and observe the lawful position of vehicles
upon the highway and in failing to activate his lights or properly sound his horn or
otherwise warn vehicles of his rapid approach; failed to drive within a single lane
in violation of 75 Pa.C.S.A. § 3309(1); fell asleep while driving; utilized his cell
phone while driving in violation of state and federal regulations; sent, read, and/or
wrote a text-based communication while operating a motor vehicle; drove while
using a cell phone without a Bluetooth or other hands-free device; failed to inspect,
repair, and maintain his vehicle; operated his vehicle in careless disregard for the
safety of others in violation of 75 Pa.C.S.A. §3714; operated his vehicle at an
unsafe speed for conditions then and there existing, in violation of 75 Pa. C.S.A. §
3361; failed to pass an emergency response area in a lane not adjacent to that of the
emergency response area in violation of 75 PA. C.S.A §3327A1; failed to pass the
emergency response area at a speed no more than 20 miles per hour less than the
posted speed limit in violation of 75 PA. CSA §3327A2; drove his vehicle at a

speed in excess of the maximum speed limit in violation of 75 Pa. C.S.A. section

3362(a)(1.1); failed to bring his vehicle to a stop within the assured clear distance

ahead in violation of 75 Pa.C.S.A. § 3361; followed vehicles too closely in

violation of 75 Pa.C.S.A. § 3310A; failed to exercise a degree of care which an

ordinary and prudent person would have done under the circumstances; failed to

slow or bring his vehicle to a stop to avoid the impact with the Plaintiff's vehicle;

operated his commercial motor vehicle without due regard for the rights, safety,

and position of Plaintiff lawfully on the roadway; failed to slow down in light of

the conditions then and there existing; drove recklessly and with willful and

wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A.

§3736; failed to obey the rules of the road, the statutes of the Commonwealth of

Pennsylvania, and the ordinances of Marion Township, in and about operating his

vehicle on the highways and roadways of the Commonwealth of Pennsylvania;

failed to operate, maintain, inspect and repair his vehicle in accord with the

applicable Federal Motor Carrier Safety Regulations and Pennsylvania statutes and

regulations; operated his vehicle in violation of the rules and regulations of the

Federal Motor Carrier Safety Regulations; operated his vehicle in violation of the

rules and regulations of the Federal Motor Carrier Act; failed to conduct an

inspection of his vehicle prior to driving in violation of 49 CFR §396.13; failed to

inspect his vehicle and complete driver vehicle inspection reports in violation of 49

CFR §396.11; operated his vehicle when he was so fatigued as to make it unsafe for him to operate the tractor trailer in violation of 49 CFR 392.3; operated his vehicle in excess of the applicable hours of service in violation of 49 CFR 395.3; operated his vehicle when he knew or should have known that he was unfit to do so; operated his vehicle while being distracted and/or fatigued; failed to record his duty status in violation of 49 CFR 395.8; failed to document his travel and daily logs as required by law, including the Federal Motor Carrier Safety Regulations; failed to observe proper rest and driving intervals as required by law, including the Federal Motor Carrier Safety Regulations; operated the tractor-trailer when he was not fit to do so; failed to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14; and engaged in such other acts of negligence, gross negligence, recklessness and/or willful and wanton conduct as may be discovered using the Federal Rules of Civil Procedure.

59.    The conduct of Defendant Humo Transporation Services, Inc.  was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Plaintiff Serign M. Diakhate, in its own right. Defendant Humo Transporation Services, Inc.  knew or should have known that Defendant Abdurashid Nazirov lacked the ability to safely operate a motor vehicle

and did not have sufficient skill, judgment, and prudence in operating a motor

vehicle.  Defendant Humo Transporation Services, Inc.  knew or should have

known that permitting Defendant Abdurashid Nazirov to operate its tractor trailer

when he was not qualified to do so, when he could not do so safely, when he would

be operating the tractor trailer when he was too fatigued to do so and/or while

distracted and when he was in violation of the applicable hours of service

regulations would result in serious injury to others driving on the roadway.

     60.    Despite such knowledge, Defendant Humo Transportation Services,

Inc. nevertheless negligently entrusted Defendant Abdurashid Nazirov with its

vehicle when it knew or should have known that he lacked sufficient skill,

judgment, and prudence in the operation of the vehicle; failed to adequately

instruct Defendant Abdurashid Nazirov in the safe operation of the vehicle prior to

entrusting him with it; failed to prevent Defendant Abdurashid Nazirov from

operating the vehicle until he had sufficient ability to operate the motor vehicle

safely; failed to adequately ascertain that Defendant Abdurashid Nazirov lacked

the ability necessary to safely operate the vehicle under the circumstances;

permitted Defendant Abdurashid Nazirov to operate the tractor-trailer with unsafe

equipment in violation of 75 Pa. C.S.A. § 4107(b)(2); failed to provide Defendant

Abdurashid Nazirov with the equipment necessary to safely operate the vehicle;

failed to adequately train and oversee their employees, including Defendant

Abdurashid Nazirov in the inspection and operation of its tractor trailer; failed to

properly qualify Defendant Abdurashid Nazirov as required by 49 CFR § 391 et

seq.; failed to adequately maintain the tractor trailer; failed to operate, maintain,

inspect, and repair its vehicle in accordance with the applicable Federal Motor

Carrier Safety Regulations, particularly 49 C.F.R. §396.3 and Pennsylvania

Statutes and Regulations; failed to require Defendant Abdurashid Nazirov to

observe and abide by the applicable Federal Motor Carrier Safety Regulations in

violation of 49 C.F.R. §390.11; permitted Defendant Abdurashid Nazirov to

operate its vehicle when it knew or should have known that the requirements for

Defendant Abdurashid Nazirov to earn income from operating its vehicle would

cause Defendant Abdurashid Nazirov to violate the rules of the road and/or drive

while distracted and/or fatigued; permitted Defendant Abdurashid Nazirov to

operate its vehicle when it knew or should have known that he was too fatigued to

do so safely in violation of 49 CFR § 392.3; permitted Defendant Abdurashid

Nazirov to operate its vehicle when it knew or should have known that he was unfit

to do so; permitted Defendant Abdurashid Nazirov to operate its vehicle when it

knew or should have known he would drive while being distracted and/ or

fatigued; permitted Defendant Abdurashid Nazirov to operate its vehicle when it

knew or should have known that he was operating the vehicle in excess of the

applicable hours of service in violation of 49 CFR § 395.3; scheduled a run and/or

required Defendant Abdurashid Nazirov to operate its vehicle between points in such period of time as would necessitate Defendant Abdurashid Nazirov to operate the vehicle at too great a speed in violation of C.F.R. § 392.6; aided, abetted, encouraged and/or required Defendant Abdurashid Nazirov to violate the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. § 390.13; provided incentives and/or imposing penalties on drivers like Abdurashid Nazirov such that he would avoid inspecting, maintaining, and/or repairing the tractor-trailer; operated its vehicle in violation of the Rules and Regulations of the Federal Motor Carrier Safety Regulations; failed to provide Defendant Abdurashid Nazirov with proper training necessary to drive the vehicle; failed to conduct a background check of the driving record of Defendant Abdurashid Nazirov as required by 49 C.F.R. 391, et seq; failed to properly supervise Defendant Abdurashid Nazirov in the operation of its vehicle to ensure compliance with Federal Motor Carrier Safety Regulations; and engaged in such other negligence, recklessness, and/or willful and wanton conduct as shall be revealed in discovery under the Federal Rules of Civil Procedure.

61.    All of these acts did constitute a reckless indifference to the risk of injury to Plaintiff Serign M. Diakhate.  As a result, Plaintiff is seeking an award of punitive damages against Defendant Humo Transporation Services, Inc.

WHEREFORE, Plaintiff Serign M. Diakhate demands judgment against Defendant Humo Transporation Services, Inc., jointly and severally, in an amount in excess of $75,000.00 plus interest and costs.

## COUNT NINE

### Ndeye Cisse v. Humo Transporation Services, Inc.

### Loss of Consortium

62.     The preceding paragraphs incorporated herein by reference as if fully set forth here at length.

63.     At all times here pertinent, Plaintiff Ndeye Cisse was and is the wife of Plaintiff Serign M. Diakhate.

64.     Solely because of the negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendants in causing the injuries to Plaintiff Serign M. Diakhate, Plaintiff Ndeye Cisse, as wife of Plaintiff Serign M. Diakhate, has, is and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure her husband of his injuries.

65.     By reason of the aforesaid collision, Plaintiff Ndeye Cisse has, is and will/may be in the future deprived of the assistance and society of her husband, all of which has been and will be to her great financial loss and detriment.

**WHEREFORE**, Plaintiff Ndeye Cisse demands judgment against Defendant Humo Transporation Services, Inc., in an amount in excess of $75,000.00 plus interest, costs, and other such relief as this Court deems appropriate.

**MUNLEY LAW PC**


BY: ___*Katie Nealon /s/*____
         Katie Nealon
         I.D. No. 317965
         Attorney for Plaintiffs